UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES BROADHEAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-01991-AKK-JHE |
| RANDY BROWN, et al., | ) ) ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). The plaintiff did not pay the $400 filing and administrative fees or file an application to proceed *in forma pauperis*. Based on the following, the plaintiff's complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(g).

**I. Factual Allegations**

The plaintiff alleges that on October 27, 2009, correctional officers beat him with security sticks, striking him 876 times. (Doc. 1 at 3). The plaintiff claims the officers broke his arm in three places, fractured his foot and ankle, and knocked out three or four of his teeth. (*Id*.). He alleges he was transported to Cooper Green Hospital, where he received treatment for his injuries including staples to his head. (*Id*.).

The plaintiff has also submitted a letter to the court wherein he claims prison officials interfered with his ability to adequately prosecute his previous lawsuits by confiscating his property. (Doc. 1 at 5). He further alleges that the prison deducts money from his inmate account and he does not have sufficient funds to pay the filing fee. (*Id*.). The plaintiff requests that the

court show him "impartiality" and allow him to pursue the present action without paying the filing fee. (*Id*.).

## II. Discussion

The Prison Litigation Reform Act ("PLRA") establishes restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of the PLRA amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is where a prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of federal court records reveals that the plaintiff has filed at least three cases or appeals that have been dismissed as meritless, including: *Broadhead v. O'Brian*, Case No. 4:10-cv-00475-JHH-RRA; *Broadhead v. Hopkins*, Case No. 4:10-cv-00439-LSC-RRA; and *Broadhead v. Kirrire*, Case No. 4:10-cv-00053-VEH-RRA.[1] Therefore, the plaintiff comes within § 1915(g),

---

[1] Suits dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(d), the predecessor statute to § 1915(e), constitute "strikes." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 728-30 (11th Cir. 1998); *Hernandez v. Ryan*, No. 10-22789, 2010 WL 3447486 (S.D. Fla. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation available at 2010 WL 3447487).

which precludes him from commencing this action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The undersigned has reviewed carefully the allegations in the plaintiff's complaint and is satisfied he has not alleged facts demonstrating he is "under imminent danger of serious physical injury."[2]  28 U.S.C. § 1915(g).  Accordingly, because the plaintiff failed to pay the filing fee and administrative fees at the time he filed the complaint, this action is due to be dismissed pursuant to 28 U.S.C. § 1915(g).  Because the plaintiff is not under imminent danger, this court is without authority to allow the plaintiff to proceed with this action *in forma pauperis*.

### III. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

### IV. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

---

[2]   The undersigned notes the plaintiff made nearly identical claims in a lawsuit filed in this court on March 2, 2010.  *See Broadhead v. Hopkins*, Case No. 4:10-cv-00439-LSC-RRA, doc. 1.  Therefore, there is no indication the plaintiff is presently under imminent danger of serious physical injury.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 16th day of December, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE